IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CESAR SANCHEZ,** *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> **v.** <br><br> **600 NORTH AKARD, LLC** *d/b/a* Dakota's Steakhouse**; LINCOLN RESTAURANT GROUP, INC.; and TIMOTHY MCENENY,** <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:23-cv-00540-L** |

**ORDER**

On September 9, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 72) was entered, recommending that the court **grant** Plaintiffs' Unopposed Motion to Approve Collection Action Settlement ("Motion") (Doc. 70). While the parties did not file objections to the Report, on September 30, 2025, they filed their Joint Notice of Non-Opposition to the Report (Doc. 73), requesting that the court accept the Report, grant Plaintiff's Motion, and dismiss this action in its entirety, with prejudice, subject to the terms of the Settlement Agreement.

Magistrate Judge David Horan determined that the court should approve the settlement agreement in its entirety because the settlement resolves a bona fide dispute over FLSA provisions and the terms of the settlement agreement are fair and reasonable. Report at 10. Magistrate Judge Horan found that there was a bona fide dispute because Defendants' disputed Plaintiffs' claims and there are doubts as to whether Plaintiffs would prevail on the merits. *Id.* at 5. Magistrate Judge

Horan concluded that the terms of the settlement agreement were fair and reasonable after considering six factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (citing *Parker v. Anderson*, 667 F. 2d 1204, 1209 (5th Cir. 1982)). Magistrate Judge Horan found that all six factors favor finding the settlement agreement fair and reasonable. *Id.* at 7-9.

In evaluating the service award, Magistrate Judge Horan recommended that the court find it to be fair and reasonable. While the proposed service award of $5,000 amounts to 3.3% of the gross settlement fund, Magistrate Judge Horan notes that the class representative "'provided information helpful to the case, initiated the lawsuit, participated in discovery, assisted counsel in the discovery process, and otherwise contributed to the litigation'… and he 'took significant risks' by representing the class." *Id.* (citations omitted). Additionally, the service award "aligns with the respective amounts provided in similar litigation." *Id.* (citations omitted).

Finally Magistrate Judge Horan addressed attorneys' fees. Plaintiffs' counsel seeks $50,000, 33% of the gross settlement fund. *Id.* (citations omitted). Magistrate Judge Horan notes that Plaintiffs' counsel did not provide the hours spent on the case, so the court is unable to conduct a lodestar analysis. *Id.* at 15. After considering the average awards in similar cases and the *Johnson* factors, Magistrate Judge Horan recommended that the court find the fee award of 33%, or $50,000, to be fair and reasonable. *Id.* at 20.

After considering the pleadings, Motion, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them

as those of the court. Accordingly, the court **grants** the Motion and **directs** the parties to file a proposed judgment by **5:00 p.m. August 28, 2026**.

**It is so ordered** this 25th day of August, 2026.

Sam A. Lindsay
United States District Judge